**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| NGAI MAN LEE | : | DOCKET NO. 2:05-cv-1503<br>Section P |
| VS. | : | JUDGE TRIMBLE |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Ngai Man Lee, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his continued detention by immigration officials. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On May 10, 2004, petitioner was found to be removable by an immigration judge in New York.[1] Petitioner appealed the decision of the immigration judge to the Board of Immigration Appeals (BIA). Thereafter, he states that he filed a motion to withdraw his appeal on November 22, 2004. On May 26, 2005, the BIA returned the petitioner's case to the Immigration Court without further action because it was advised that the appeal had been withdrawn.

Petitioner filed this *habeas* petition on August 18, 2005, seeking to have the court order his release from post-removal-order custody. In support of his request, the petitioner claims that he has

---

[1] This fact is not presented in the record, but it was verified by the undersigned's office with the Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A40 307 561).

been detained beyond the presumptively reasonable removal period established by the Supreme Court in *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001).

## LAW AND ANALYSIS

Petitioner is being detained in post-removal-order detention pursuant to INA §241(a)(6). This statute specifically allows for detention of certain inadmissible or criminal aliens beyond the 90 day removal period established by INA §241(a)(1). However, in *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

Although petitioner filed his motion to withdraw his appeal in November of 2004, the appeal remained pending until the BIA took action on May 26, 2005. It is on that date that petitioner's removal order became administratively final and his post-removal-order detention commenced. Accordingly, the court finds that although petitioner has been in the custody of immigration officials for more than one year, he has not been in custody pursuant to INA §241(a) for more than six months. For this reason,

IT IS RECOMMENDED that petitioner's challenge to his post-removal-order custody be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of September, 2005.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE